T.C. Memo. 1998-57

UNITED STATES TAX COURT

RANDAL W. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20474-90.                    Filed February 11, 1998.

Randal W. Howard, pro se.

<u>Rachael J. Zepeda</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

In separate notices of deficiency, respondent determined the
following deficiencies in petitioner's Federal income taxes and
additions to tax:

---

[1]     Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the years at issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

|      |            | Additions to Tax | | |
|------|------------|------------------|------------|-----------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)* | Sec. 6654(a) |
| 1987 | $3,858 | $ 964.50 | $192.90 | $208.36 |
| 1988 | 5,298 | 1,324.00 | 265.00 | 339.00 |

* For 1987, the addition to tax is under sec. 6653(a)(1)(A) and, additionally, under sec. 6653(a)(1)(B) for 50 percent of the interest due on the underpayment of $3,858. For 1988, the addition to tax is under sec. 6653(a)(1).

The issues for determination are: (1) Whether petitioner is liable for the deficiencies in tax based upon amounts reported by payers as having been paid to petitioner during the years in question, and (2) whether petitioner is liable for the additions to tax.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's residence was in the State of Arizona.

In the notices of deficiency, respondent determined, based upon information reported by payers, that petitioner earned the following income during the years in question:

|  | 1987 | 1988 |
|------|------|------|
| Family Life Broadcast | $16,799 | $19,938 |
| Arizona Central (interest) | 73 | 12 |
| Grace Broadcasting | -- | 1,600 |
| Total | $16,872 | $21,550 |

Petitioner filed an income tax return for 1987 on August 16, 1994, in which he reported zero income and a zero tax liability. On the signature line of the return, above his signature, there appear the words "Under Protest" with an asterisk referencing a footnote: "See attached statement of Randal W. Howard." Attached to the return is a Form 1099-MISC issued by Family Life Broadcasting System, as payer, and Randal W. Howard, as recipient, of $16,799.90 for "nonemployee compensation". The return also includes a Schedule D, Capital Gains and Losses, in which petitioner identified the $16,799.90 as an amount received for his "labor", and as to which petitioner claimed a cost or basis of $16,799.90 and zero capital gain. The footnoted statement referred to on petitioner's tax return consists of five typewritten pages wherein petitioner disclaims any liability for Federal income taxes. On the same date, petitioner filed a 1988 income tax return that included a Form 1099-MISC from the same payer for nonemployee compensation of $19,938.51. That document contains the same references and attached statements as the 1987 return.

In the written statement attached to petitioner's returns, as well as in his petition, petitioner alleges classic protester arguments such as: He was born "without" the United States in Passaic County, New Jersey; he is not a citizen or resident of the United States or the State of Arizona, even though his

permanent, personal, place of abode is in Arizona; he is not a "taxpayer within the meaning of the Code"; the issuances of the notices of deficiency to petitioner are invalid because various delegation orders in the structure of the Treasury Department were never promulgated in the Federal Register, and numerous other nonsensical allegations that have absolutely no legal merit. None of the allegations address the adjustments relating to petitioner's income or expenses for the years at issue.

The case was calendared for trial, and, at the commencement of the session, when the case was called from the calendar, petitioner appeared for trial. At the conclusion of the calendar call, the Court announced the date and time that petitioner's case would be heard. Petitioner signed a stipulation of facts, which he left with counsel for respondent. At the time set for trial of the case, petitioner failed to appear to present additional evidence. The stipulation of facts was submitted into evidence, and the Court declared for the record that petitioner had rested his case. Respondent offered no witnesses or other documentary evidence, whereupon the Court declared the record of the case closed, and the case was taken under advisement.

The determinations of respondent in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). The only evidence

presented by petitioner consisted of the written stipulation of facts that included a statement of his residence at the time the petition was filed, statements acknowledging receipt of the various items respondent determined were income, and copies of the purported income tax returns filed by petitioner with respondent for the 2 years in question.  The stipulation contains no evidence or other information that would establish anything other than the fact that petitioner received taxable income during the years in question, and that the deficiencies determined by respondent are based on such income.  The written statements attached to petitioner's income tax returns, which were included in the stipulation, as well as petitioner's allegations in his pleadings, lead the Court to the conclusion that petitioner's case is baseless and, in essence, fails to state a case.[2]  Petitioner presented to the Court nothing more than tax protester rhetoric and legalistic gibberish, which have absolutely no merit and deserve no further attention from this Court.  Suffice it to say that petitioner has not sustained his burden of proof, and the Court sustains respondent on all issues.

Decision will be entered

for respondent.

---

[2]    Respondent did not elect to file a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 40.