T.C. Memo. 1998-300

UNITED STATES TAX COURT

RANDAL W. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18627-97.                    Filed August 19, 1998.

Randal W. Howard, pro se.

<u>Rick V. Hosler</u> and <u>Pamela Wilson-Fuller</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special
Trial Judge Peter J. Panuthos pursuant to the provisions of
section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court
agrees with and adopts the opinion of the Special Trial Judge,
which is set forth below.

---

[1]  All section references are to the Internal Revenue Code,
unless otherwise indicated.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the taxable years 1989, 1990, 1991, and 1993.  The question to be decided is whether the petition for redetermination was filed with the Court within the period prescribed in section 6213(f).

Background

On June 14, 1991, petitioner filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Arizona.

On February 21, 1992, respondent mailed a notice of deficiency to petitioner determining a deficiency in his Federal income tax for 1989 in the amount of $4,733, as well as additions to tax in the amounts of $1,182.50 and $320.01 pursuant to sections 6651(a) and 6654(a), respectively.

On June 23, 1993, respondent mailed a notice of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for 1990 and 1991 as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1990 | $8,419 | $2,105 | $554 |
| 1991 | 5,483 | 1,371 | 318 |

On July 24, 1996, the bankruptcy court entered an order granting the bankruptcy trustee's motion to dismiss petitioner's case.  The bankruptcy court also denied petitioner's request for

a "continuing injunction" against the Internal Revenue Service (IRS) insofar as the IRS had filed a claim with the court. Petitioner subsequently filed an appeal challenging the dismissal of his chapter 13 bankruptcy case with the U.S. District Court for the District of Arizona.

On December 6, 1996, petitioner filed a petition for relief under chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Arizona.

On March 6, 1997, respondent issued a notice of deficiency to petitioner determining a deficiency in his Federal income tax for 1993 in the amount of $3,136, as well as an addition to tax pursuant to section 6651(a)(1) in the amount of $784.

On April 7, 1997, the bankruptcy court issued an order of discharge in petitioner's chapter 7 bankruptcy case.

On August 22, 1997, respondent issued notices of deficiency to petitioner determining deficiencies in and additions to his Federal income taxes for the taxable years and in the amounts as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1994 | $4,162 | $775.75 | $154.91 |
| 1995 | 10,146 | 2,254.50 | 482.15 |

On September 6, 1997, the U.S. District Court for the District of Arizona denied petitioner's appeal of the dismissal of his chapter 13 bankruptcy case.

On September 8, 1997, petitioner filed a petition for redetermination with the Court contesting the notices of deficiency for the taxable years 1989, 1990, 1991, and 1993.[2] The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of September 4, 1997.  On November 6, 1997, petitioner filed an amended petition contesting the notices of deficiency for the taxable years 1989, 1990, 1991, 1993, 1994, and 1995.

Respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the taxable years 1989, 1990, 1991, and 1993 on the ground that the petition was not filed within the time prescribed in section 6213(f).  Petitioner filed a response to respondent's motion to dismiss and to strike asserting that his petition was filed within the 150-day period prescribed in section 6213(f).  Petitioner contends that the 150-day period should be measured from April 7, 1997--the date that the bankruptcy court issued its order of discharge in his chapter 7 bankruptcy case.  Respondent subsequently filed a reply to petitioner's response conceding that the petition was timely filed in respect of the notice of the deficiency for the taxable year 1993.[3]  Nonetheless, respondent maintains that the petition

_____

[2]  At the time the petition was filed, petitioner resided at Tucson, Arizona.

[3]  The notice of deficiency for 1993 was issued on Mar. 6, 1997--during the pendency of petitioner's bankruptcy petition
(continued...)

is untimely with respect to the notices of deficiency for the taxable years 1989, 1990, and 1991.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of the pending motion. Although petitioner did not appear at the hearing, he did file a written statement with the Court pursuant to Rule 50(c).

Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Our jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, generally has 90 days from the date the notice of deficiency is

---

[3](...continued)
under ch. 7. The petition contesting the notice of deficiency for 1993 was timely mailed to the Court on Sept. 4, 1997, exactly 150 days after the bankruptcy court entered its order of discharge with respect to petitioner's bankruptcy petition under ch. 7. Sec. 6213(f).

mailed to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).

An exception to the normal 90-day filing period arises where the taxpayer has filed a petition for relief under the Bankruptcy Code.  In particular, 11 U.S.C. section 362(a)(8) (1994) provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of --
>
>    *     *     *     *     *     *     *
>
> (8) the commencement or continuation of proceeding before the United States Tax Court concerning the debtor.

In short, the filing of a bankruptcy petition invokes the automatic stay which precludes the commencement or continuation of proceedings in this Court.  Kieu v. Commissioner, 105 T.C. 387, 391 (1995); Allison v. Commissioner, 97 T.C. 544, 545 (1991).

The period that the automatic stay remains in effect is prescribed in 11 U.S.C. section 362(c) (1994) as follows:

> (c) Except as provided in subsections (d), (e), and (f) of this section--
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of--

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

In sum, unless relief from the automatic stay is granted by order of the bankruptcy court, see 11 U.S.C. sec. 362(d), the automatic stay generally remains in effect until the earliest of the closing of the case, the dismissal of the case, or the grant or denial of a discharge.  11 U.S.C. sec. 362(c)(2); see Allison v. Commissioner, supra at 545; Smith v. Commissioner, 96 T.C. 10, 14 (1991); Neilson v. Commissioner, 94 T.C. 1, 8 (1990).

Although respondent is free to issue a notice of deficiency to a taxpayer who has filed a bankruptcy petition, see 11 U.S.C. sec. 362(b)(9) (1994),[4] the normal 90-day period for filing a timely petition with this Court is suspended for the period

---

[4]  11 U.S.C. sec. 362(b)(9) (1994) provides in pertinent part:

> (b) The filing of a petition under section 301, 302, or 303 of this title, * * * does not operate as a stay--
>
>     (9) under subsection (a),--
>
> *       *       *       *       *       *       *
>
>         (B) of the issuance to the debtor by a governmental unit of a notice of tax deficiency;

- 8 -

during which the taxpayer is prohibited by reason of the automatic stay from filing a petition in this Court and for 60 days thereafter.  Sec. 6213(f); Olson v. Commissioner, 86 T.C. 1314, 1318-1319 (1986); McClamma v. Commissioner, 76 T.C. 754, 757 (1981).

In McClamma v. Commissioner, supra, the Court was presented with the question of the proper computation of the expanded period for filing a timely petition with the Court pursuant to section 6213(f) where the taxpayers had filed a bankruptcy petition after receiving a notice of deficiency.  In particular, the Commissioner issued a notice of deficiency to John and Catherine McClamma on February 15, 1980.  On March 3, 1980, John McClamma filed a bankruptcy petition under chapter 7 of the Bankruptcy Code.  On April 18, 1980, while John McClamma's bankruptcy case was pending, the taxpayers filed a joint petition for redetermination with the Court.  On September 19, 1980, the bankruptcy court issued a discharge order in John McClamma's bankruptcy case.  The Commissioner subsequently filed a motion to dismiss for lack of jurisdiction as to John McClamma on the grounds that:  (1) John McClamma was barred by the bankruptcy automatic stay from filing a petition for redetermination with the Court on April 18, 1980; and (2) John McClamma did not file a timely petition following his discharge in bankruptcy.

In granting the Commissioner's motion to dismiss, the Court concluded that the automatic stay barred John McClamma from

filing a petition with the Court on April 18, 1980.  McClamma v. Commissioner, supra at 757.  The Court further concluded that, following his discharge in bankruptcy, John McClamma failed to file a petition with the Court within the time prescribed in section 6213(f).  That Court stated:

> As to the time John had to file a new petition in this Court, respondent argues that the unexpired portion of the 90-day period provided under section 6213(a) is added to the 60 days provided by section 6213(f).  Since the 90-day period was stayed by the filing of a bankruptcy petition after having run 17 days, 73 days plus the 60 days allowed after the automatic stay was lifted yields 133 days.  We agree with respondent that John had until January 30, 1981 (133 days from the date of discharge in bankruptcy, Sept. 19, 1980), to file a new petition in this Court to contest his Federal income tax liability for 1977. [Fn. refs. omitted.]

Id. at 757-758; see Ash v. Commissioner, T.C. Memo. 1989-367.

The parties in the instant case disagree whether the petition was timely filed with respect to the notices of deficiency for the taxable years 1989, 1990, and 1991. Respondent contends that, by virtue of petitioner's bankruptcy filings (and the resulting suspensions of the running of the 90-day period for filing a timely petition with the Court pursuant to section 6213(f)), the time for filing a timely petition with the Court expired on June 23, 1997.  Petitioner counters that his petition was timely filed on the ground that section 6213(f) served to extend the period for filing a petition to September 4, 1997--150 days after the date that the bankruptcy court entered

its discharge order in his chapter 7 bankruptcy case.  We agree with respondent.

A review of the relevant dates is as follows:

```
June 14, 1991------Chapter 13 bankruptcy petition
February 21, 1992--Notice of deficiency for 1989
June 23, 1993------Notice of deficiency for 1990, 1991
July 24, 1996------Chapter 13 bankruptcy dismissed
December 6, 1996---Chapter 7 bankruptcy petition (135
                       days from July 24, 1996)
April 7, 1997------Order of discharge of Chapter 7
August 22, 1997----Notice of deficiency for 1994, 1995
September 8, 1997--Petition filed for 1989-1991 and 1993
```

On June 14, 1991, petitioner filed a bankruptcy petition under chapter 13 of the Bankruptcy Code.  On February 21, 1992, respondent issued a notice of deficiency to petitioner for the taxable year 1989.  On June 23, 1993, respondent issued a notice of deficiency to petitioner for the taxable years 1990 and 1991.  Because petitioner's bankruptcy petition under chapter 13 was pending on the dates that the notices of deficiency for 1989, 1990, and 1991 were issued, it follows that petitioner was barred from filing a petition for redetermination with the Court by virtue of the automatic stay imposed under 11 U.S.C. section 362(a)(8).  Further, pursuant to section 6213(f), the 90-day statutory period for filing a timely petition with the Court was suspended while the automatic stay remained in effect and for 60 days thereafter.

On July 24, 1996, the bankruptcy court dismissed petitioner's bankruptcy petition under chapter 13, thereby terminating the automatic stay.  See 11 U.S.C. sec. 362(c)(2)(B);

- 11 -

Allison v. Commissioner, 97 T.C. at 545.  As of July 24, 1996, by
operation of section 6213(f), petitioner had a total of 150 days
to file a timely petition with the Court contesting the notices
of deficiency for 1989, 1990, and 1991.  In particular,
petitioner enjoyed the 60-day suspension period prescribed in
section 6213(f), plus the normal 90-day filing period prescribed
in section 6213(a).

During the ensuing period, petitioner did not file a
petition for redetermination with the Court.  Nonetheless, on
December 6, 1996, petitioner filed a bankruptcy petition under
chapter 7 of the Bankruptcy Code.  As of December 6, 1996, 135
days had elapsed since July 24, 1996--the date that the
bankruptcy court dismissed petitioner's bankruptcy petition under
chapter 13, leaving  petitioner with 15 days to file a timely
petition with the Court pursuant to section 6213(f).  However, as
a result of the filing of petitioner's bankruptcy petition under
chapter 7, petitioner again was barred from filing a petition for
redetermination with the Court by virtue of the automatic stay
imposed under 11 U.S.C. section 362(a)(8).  Further, the
remaining 15-day period that petitioner had for filing a timely
petition with the Court to contest the notices of deficiency for
1989, 1990, and 1991 was suspended pursuant to section 6213(f).

On April 7, 1997, the bankruptcy court entered an order of
discharge in petitioner's chapter 7 bankruptcy case, which served
to terminate the automatic stay imposed under 11 U.S.C. section

362(a)(8).  See 11 U.S.C. sec. 362(c)(2)(C).  Upon the termination of the automatic stay on April 7, 1997, petitioner had a total of 75 days to file a timely petition with the Court with respect to the notices of deficiency for 1989, 1990, and 1991.  In particular, petitioner again enjoyed the 60-day suspension period prescribed in section 6213(f), plus 15 days representing the unexpired portion of the filing period that remained prior to the date that petitioner filed his bankruptcy petition under chapter 7.  Consistent with the foregoing, the period for filing a timely petition for redetermination with the Court with respect to the notices of deficiency for the taxable years 1989, 1990, and 1991 expired on Monday, June 23, 1997.[5]

Petitioner's argument that he was entitled to file his petition contesting the notices of deficiency for 1989, 1990, and 1991 within 150 days after the bankruptcy court issued its order of discharge in his chapter 7 bankruptcy case is simply contrary to the plain terms of section 6213(f) and this Court's holding in McClamma v. Commissioner, supra.

In accordance with the foregoing, it follows that the petition filed in this case on September 8, 1997, was not timely filed with respect to the notices of deficiency for 1989, 1990, and 1991.  Because respondent now concedes that the petition was

---

[5] Because the last day for filing a timely petition with the Court was Saturday, June 21, 1997, the period was extended to Monday, June 23, 1997, pursuant to sec. 6213(a).

timely filed with respect to the notice of deficiency for 1993,[6] we will grant respondent's motion to dismiss for lack of jurisdiction and to strike as to the petition and amended petition only insofar as respondent moves to dismiss and to strike as to the taxable years 1989, 1990, and 1991.

To reflect the foregoing,

<u>An order granting respondent's motion to dismiss for lack of jurisdiction and to strike will be issued insofar as respondent moves to dismiss and to strike as to the taxable years 1989, 1990, and 1991</u>.

---

[6] Also there is no question that the amended petition was timely as to the 1994 and 1995 tax years.