T.C. Memo. 2000-222


UNITED STATES TAX COURT


RANDAL W. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18627-97.                    Filed July 25, 2000.


Randal W. Howard, pro se.

<u>Erin K. Huss</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

|       |            | Additions to tax |           |
|-------|------------|------------------|-----------|
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6654 |
| 1993  | [1]$3,136  | [2]$784.00       | --        |
| 1994  | 4,162      | 775.75           | $154.91   |
| 1995  | 10,146     | 2,254.50         | 482.15    |

[1]Respondent asserts that the deficiency be increased to $5,832 in the Amended Answer because the original deficiency determination gave petitioner credit for a prior erroneous assessment.

[2]Respondent asserts that the addition to tax be increased to $1,458 in the Amended Answer because the original deficiency determination gave petitioner credit for a prior erroneous assessment.

After concessions, the issues for decision are: (1) Whether petitioner received compensation for his labor; (2) whether payments made to petitioner for his labor should be included in petitioner's taxable income; (3) whether petitioner is liable for additions to tax for failing to timely file Federal income tax returns and for failing to pay estimated taxes; and (4) whether a penalty should be awarded to the United States under section 6673.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and supplemental stipulation of facts are incorporated herein by this reference. Petitioner resided in Tucson, Arizona, at the time he filed his petition.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code applicable to the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

During the years 1993, 1994, and 1995, petitioner worked as a broadcast engineer for the radio station Family Life Broadcasting System (FLBS) located in Tucson, Arizona.  For the year 1993, petitioner and FLBS entered into an agreement whereby petitioner was classified as an independent contractor and was to receive payments of $2,000 per month for part-time performance.  In 1993, petitioner received compensation of $24,000 from FLBS.  Petitioner submitted a 1993 Form 1040, U.S. Individual Income Tax Return, which was received by the Internal Revenue Service on August 24, 1994.  Petitioner did not sign the return under penalties of perjury, instead writing the words "under protest" in the signature line.  Petitioner attached to his Form 1040 the following:  (1) Schedule D, Capital Gains and Losses,; (2) Form 1099-MISC, showing $24,000 compensation from FLBS; (3) Statement of Randal William Howard, which generally states that petitioner is not liable for tax for 1993; and (4) Declaration of Randal William Howard, which contained the following statement:

> During the Year 1993, I sold labor each day that I worked at the Family Life Broadcasting System.  For the Year 1993, I received $24,000.00 from the Family Life Broadcasting System.  Based upon the facts above, and the provisions of the Internal Revenue Code (IRC), §1015(a), I had a total basis (cost) of at least $24,000.00 in the labor I sold to the Family Life Broadcasting System.

Petitioner reported the $24,000 received from FLBS on Schedule D as an amount received for "labor" and claimed a basis in the labor of $24,000, resulting in zero gain.  No tax was withheld

from petitioner's 1993 compensation from FLBS.

Petitioner's work status at FLBS changed from independent contractor to employee at the beginning of 1994, and he remained an employee through 1995. On December 28, 1993, petitioner signed a Form W-4, Employee's Withholding Allowance Certificate, on which he claimed nine withholding allowances. As an employee, petitioner received life, health, and disability insurance coverage. FLBS paid wages to petitioner during 1994 and 1995 in the amounts of $31,655.02 and $32,569.95, respectively.

FLBS filed a 1994 Form W-2, Wage and Tax Statement, reflecting $31,655.02 in wages paid to petitioner and $1,054.55 withheld for Federal income taxes. FLBS filed a 1995 Form W-2 reflecting $32,569.95 in wages paid to petitioner and $1,120.59 withheld for Federal income taxes. Except for the amounts withheld from his wages, petitioner did not pay any Federal income tax for the years 1994 and 1995. Petitioner did not file Federal income tax returns for the years 1994 and 1995.

Based on the Form 1040 submitted by petitioner for 1993, respondent assessed tax of $2,696 and an addition to tax under section 6651(a)(1) in the amount of $674. This assessment was erroneous because the unsigned 1993 Form 1040 that petitioner submitted was not a valid return. On March 6, 1997, respondent issued a notice of deficiency for the year 1993. In the notice of deficiency, the previously assessed tax and additions to tax

($2,696.00 and $674.00) were subtracted from the corrected tax liability reducing the deficiency and addition to tax amounts determined in the notice of deficiency. On August 22, 1997, respondent issued separate notices of deficiency, for the years 1994 and 1995.

OPINION

Deficiency Determinations

On brief, petitioner argues that the presumption of correctness does not apply and that respondent has failed to prove that petitioner received taxable income for the years in issue. We disagree. The notices of deficiency were based on information obtained from FLBS and from petitioner's own statements. At trial, a representative of FLBS testified that FLBS paid petitioner for his services in the amounts determined in the notices of deficiency and petitioner admitted at trial that he received those amounts from FLBS in return for his services.

Petitioner has made various other claims, including that payments for his labor are not income, that he has a basis in such labor equal to the amount of the payments received, that the income tax is unconstitutional, and that he was a nonresident alien with no relationship to the Government of the United States. All of these arguments have been consistently rejected by the courts and can be accurately characterized as timeworn

protester type rhetoric. Accordingly, we hold that the payments received by petitioner from FLBS during 1993, 1994, and 1995, constitute taxable income to petitioner.[2]

Respondent bears the burden of proving the alleged increased deficiency for 1993. See Rule 142(a). Respondent argues that the Form 1040 that petitioner submitted for 1993 was invalid, and, as a result, respondent could not validly make assessments based on the 1993 Form 1040 without first sending to petitioner a deficiency notice for that year. Respondent argues that the erroneous assessment should not have been subtracted from the total corrected tax liability for 1993 in the notice of deficiency. Respondent states that the erroneous assessment of tax and addition to tax must, and will, be abated. We agree. Petitioner's Form 1040 for 1993 was invalid because it was not signed under penalties of perjury. See sec. 6065; Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986); see also Richardson v. Commissioner, 72 T.C. 818, 824 (1979) (stating that a signature on an attached letter is not considered an imputed signature on the return itself). Respondent has established the correct amount of petitioner's 1993 Federal income tax liability and presented sufficient

---

[2]Respondent determined that petitioner was self-employed for the year 1993 and a regular employee for the years 1994 and 1995. Respondent has presented ample evidence in the form of testimony, employment agreements, benefits, and tax forms to sustain this position.

evidence to carry the burden of proof regarding the increased deficiency for 1993.

Additions to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a required return on or before the specified filing date. The addition to tax is 5 percent of the amount required to be shown as tax on the return and an additional 5 percent is imposed for each additional month or fraction thereof during which the failure continues, but not to exceed 25 percent in the aggregate. See sec. 6651(a)(1).  This addition to tax may be avoided only if petitioner can show that his failure to file was due to reasonable cause and not willful neglect.  See Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985).

The Form 1040 that petitioner submitted for 1993 was invalid because it was not signed under penalties of perjury.  See sec. 6065; Beard v. Commissioner, supra at 777; see also Richardson v. Commissioner, supra at 824.  Petitioner did not file or submit any returns for 1994 or 1995.  There is no evidence in the record to support a finding that petitioner's failure to file returns for 1993, 1994, and 1995, was due to reasonable cause and not willful neglect.  We hold that the addition to tax under section 6651(a)(1) applies for the years in issue.  We also hold that the increased addition to tax in the amount of $1,458 applies for 1993 because, as previously stated, respondent has established

the correct deficiency amount for 1993.

Respondent also determined that petitioner is liable for additions to tax pursuant to section 6654 for failure to pay estimated taxes. If the payments of tax through withholding or the payment of estimated quarterly tax payments during the course of the year are not equal to the statutorily required amount then imposition of this addition to tax is automatic, unless one of the statutory exceptions applies to the taxpayer. See sec. 6654(a); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). The burden of qualification for such exception is on the petitioner. See Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982). Petitioner has failed to show he qualifies for any exception. Accordingly, we hold that petitioner is liable for additions to tax under section 6654 for the years 1994 and 1995.

Penalties

Section 6673 permits this Court to award a penalty of up to $25,000 to the United States when the taxpayer has maintained or instituted an action primarily for delay or the taxpayer's position is frivolous or groundless. See sec. 6673.

This is not the first time petitioner has asserted baseless arguments and used delay tactics. Petitioner previously made the same frivolous arguments in this Court and was admonished for "[presenting] to the Court nothing more than tax protester rhetoric and legalistic gibberish, which have absolutely no merit

and deserve no further attention from this Court." <u>Howard v. Commissioner</u>, T.C. Memo. 1998-57.

Petitioner has knowingly and repeatedly advocated frivolous and groundless positions. His conduct has wasted the time and resources of this Court. Accordingly, a penalty is awarded to the United States under section 6673 in the amount of $5,000.

<u>An appropriate order will be issued granting respondent's motion for a penalty, and decision will be entered under Rule 155</u>.