T.C. Memo. 2005-100


UNITED STATES TAX COURT



RANDAL W. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 8719-03L.                  Filed May 9, 2005.


        P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

        <u>Held</u>:  Because P has advanced groundless
complaints in dispute of the notice of intent to levy,
R's determination to proceed with collection action is
sustained.

        <u>Held</u>, <u>further</u>, because the underlying tax
liability is not at issue and R has shown good cause,
suspension on levy action is lifted pursuant to sec.
6330(e)(2), I.R.C.

        <u>Held</u>, <u>further</u>, a penalty under sec. 6673, I.R.C.,
is due from P and is awarded to the United States in
the amount of $10,000.

Randal W. Howard, pro se.

<u>Cameron M. McKesson</u> and <u>Robin M. Ferguson</u>, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  Petitioner invoked the Court's jurisdiction under section 6330 in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding his unpaid Federal income taxes for 1983 and 1993 to 1995.[1]  Respondent's Office of Appeals (Appeals Office) had determined that it was appropriate to collect petitioner's unpaid taxes pursuant to a proposed levy.  After the case was docketed, respondent on September 20, 2004, filed a motion for summary judgment, and petitioner filed a declaration in opposition to respondent's motion on October 18, 2004.  The Court held a hearing on the motion for summary judgment on October 18, 2004, and took the matter under advisement.  Thereafter, on March 10, 2005, respondent filed a motion to permit levy pursuant to section 6330(e)(2).

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials,

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 820-821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Based upon our review of the record, we conclude that there is no genuine issue as to any material fact and that respondent is entitled to judgment as a matter of law.  As discussed in greater detail below, we shall grant respondent's motion for summary judgment, enter a decision sustaining the notice of determination upon which this case is based, and impose a penalty on petitioner pursuant to section 6673.  In addition, respondent has shown good cause for lifting the suspension of the proposed levy, and we shall grant respondent's motion to permit levy.

Background[2]

Petitioner has filed several petitions for redetermination with the Court in a long-running protest against the Federal income tax.

Taxable Years 1983 and 1984

On January 2, 1990, the Court dismissed petitioner's case at docket No. 27411-88 for lack of prosecution and entered a decision sustaining deficiencies and additions to tax (including additions to tax under section 6651(a)(1) for failure to file a tax return) that respondent determined against petitioner for the taxable years 1983 and 1984.

Taxable Years 1987 and 1988

On February 13, 1998, the Court entered a decision at docket No. 20474-90 sustaining deficiencies and additions to tax that respondent determined against petitioner for the taxable years 1987 and 1988. The Court concluded that petitioner had raised nothing but "classic protester arguments". Howard v. Commissioner, T.C. Memo. 1998-57.[3]

---

[2] The record reflects and/or the parties do not dispute the following background facts.

[3] With respect to the taxable years 1989, 1990, and 1991, a case filed by petitioner with this Court and assigned docket No. 18627-97 was dismissed because it was not timely filed. Howard v. Commissioner, T.C. Memo. 1998-300.

Taxable Years 1993, 1994, and 1995

On October 24, 2000, the Court entered a decision at docket No. 18627-97 sustaining deficiencies and additions to tax (including additions to tax under section 6651(a)(1) for failure to file a tax return) that respondent determined against petitioner for the taxable years 1993, 1994, and 1995. The Court's decision included an increased deficiency for 1993.[4] The Court also imposed a penalty upon petitioner pursuant to section 6673(a) after concluding that petitioner "knowingly and repeatedly advocated frivolous and groundless positions." Howard v. Commissioner, T.C. Memo. 2000-222.

Taxable Year 1996

On April 5, 2002, the Court entered a decision at docket No. 6546-00 sustaining the deficiency and additions to tax that respondent determined against petitioner for the taxable year 1996. Citing the Court's two earlier Memorandum Opinions (referred to above) and characterizing petitioner's arguments as "frivolous and wholly without merit", the Court imposed a penalty

---

[4] In Howard v. Commissioner, T.C. Memo. 2000-222, we held that a tax return that petitioner had submitted to respondent for 1993 was invalid because it was not properly executed. Although respondent conceded that he improperly entered an assessment of $2,696 against petitioner based upon such return, respondent proved at trial that petitioner was liable for a total deficiency of $5,832, including the $2,696 amount, and a total sec. 6651(a)(1) addition to tax of $1,458.

upon petitioner pursuant to section 6673(a).  Howard v.
Commissioner, T.C. Memo. 2002-85.

Petitioner did not file an appeal in respect of any of the
Court's decisions cited above.  Each of those decisions is now
final.  Sec. 7481(a).

Petitioner's Bankruptcy Proceedings

On June 14, 1991, petitioner filed a bankruptcy petition
under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy
Court for the District of Arizona.  On July 24, 1996, the
bankruptcy court issued an order dismissing petitioner's case.
This order was affirmed on appeal to the U.S. District Court for
the District of Arizona on September 9, 1997.

On December 6, 1996, petitioner filed a bankruptcy petition
under chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy
Court for the District of Arizona.  On April 7, 1997, the
bankruptcy court entered an order of discharge in petitioner's
case.

On April 16, 1999, petitioner filed a bankruptcy petition
under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy
Court for the District of Arizona.  On April 20, 1999, the
bankruptcy court entered an order granting the Commissioner's
motion for relief from the automatic stay, see 11 U.S.C. sec.
362(a) (2000), regarding petitioner's tax liabilities for 1993,

1994, and 1995.  On April 27, 1999, the bankruptcy court dismissed petitioner's case.

Assessments/Collection Actions for 1983 and 1993 to 1995

On May 10, 1990, respondent entered assessments against petitioner for the income tax and additions to tax for the taxable year 1983 as set forth in the Court's decision at docket No. 27411-88, as well as statutory interest.  On May 10, 1990, and June 11, 1990, respondent issued to petitioner notices of balance due for the year 1983.[5]  Petitioner failed to remit to respondent the amount due.

On April 30, 2001, respondent entered assessments against petitioner for the income taxes and additions to tax for the years 1993, 1994, and 1995 as set forth in the Court's decision at docket No. 18627-97, as well as statutory interest.  On April 30, 2001, respondent issued to petitioner notices of balance due for the years 1993, 1994, and 1995.  Petitioner failed to remit to respondent the amounts due.

On December 17, 2001, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing requesting that petitioner pay his outstanding income taxes for the years 1983 and 1993 to 1995.  On January 9, 2002,

---

[5]  The record reflects that respondent subsequently abated all of the originally assessed additions to tax for 1983.  The record also shows that in 1991 respondent collected a small portion of the amount due from petitioner for 1983 by levy.

petitioner submitted to respondent a Form 12153, Request for Collection Due Process Hearing, challenging the validity of the assessments for the years in issue. With regard to the taxable year 1983, petitioner asserted that his liability for that year was either paid in full or discharged in bankruptcy.

On May 1, 2003, petitioner appeared at respondent's Appeals Office for an administrative hearing under section 6330. The administrative hearing was aborted when petitioner was informed that he would not be permitted to make an audio recording of the hearing.

On May 6, 2003, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 which stated that the Appeals Office determined that the proposed levy action was appropriate. The notice of determination stated that the Appeals Office rejected petitioner's claim that his tax liability for 1983 was discharged in bankruptcy on the ground that such taxes were not subject to discharge because petitioner failed to file a valid tax return for 1983. The notice of determination further stated that petitioner was provided with transcripts of account for the years 1983 and 1993 to 1995, that petitioner's remaining arguments were frivolous, and that petitioner was not eligible to offer an alternative collection method because he was not current in filing his tax returns for later years.

Petitioner filed with the Court on June 9, 2003, a timely petition for lien and levy action.[6]  In the petition, petitioner alleged that the notice of determination should be overturned on the grounds that (1) the Appeals Office failed to verify that all applicable laws and administrative procedures were satisfied, and (2) petitioner's tax liabilities for the years in issue were discharged in bankruptcy.

After filing an answer to the petition, respondent filed a motion for summary judgment.  Respondent asserted that the Appeals Office properly verified that all applicable laws and administrative procedures were met with regard to the assessments and proposed collection actions in dispute.  In support of this assertion, respondent attached to his motion Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the taxable years 1983 and 1993 to 1995.  Respondent also asserted that petitioner's tax liabilities were not discharged by the bankruptcy court.

This case was called for Hearing at the Court's October 18, 2004, trial session in Phoenix, Arizona.  At the start of the hearing, petitioner filed a declaration in opposition to respondent's motion, which stated in pertinent part that petitioner was not permitted to make an audio recording of his

---

[6]  At the time the petition was filed, petitioner resided in Tucson, Arizona.

administrative hearing (the recording issue).  In response to petitioner's Declaration, counsel for respondent asserted that petitioner failed to inform the Appeals Office in advance of the administrative hearing that he intended to make an audio recording[7] and that petitioner failed to raise the recording issue in his petition.

Petitioner countered that the Court's holding in Keene v. Commissioner, 121 T.C. 8, 19-20 (2003), controls with regard to the recording issue and the matter should be remanded to the Appeals Office for further proceedings.  Petitioner also asserted that the Court should reject respondent's argument that petitioner's tax liabilities were not discharged by the bankruptcy court on the ground that respondent failed to prove that petitioner did not file tax returns for the years in issue. At the close of the hearing, the Court took the motion under advisement and indicated to the parties that if the motion for summary judgment were not granted the case would be rescheduled for a later trial.

Following the hearing, on March 10, 2005, respondent filed with the Court a motion to permit levy pursuant to section 6330(e)(2).

---

[7] See sec. 7521(a), which provides that an officer or employee of the Internal Revenue Service "shall, upon advance request of such taxpayer, allow the taxpayer to make an audio recording of * * * [an in-person] interview at the taxpayer's own expense and with the taxpayer's own equipment."

Discussion

I.  Collection Actions

A.  Lien and Levy

Sections 6320 (pertaining to Federal tax liens) and 6330 (pertaining to levies) establish procedures for administrative and judicial review of certain collection actions.  As an initial matter, the Commissioner is required to provide a taxpayer with written notice that a Federal tax lien has been filed and/or that the Commissioner intends to levy; the Commissioner is also required to explain to the taxpayer that such collection actions may be challenged on various grounds at an administrative hearing.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c)(1) imposes on the Appeals Office an obligation to obtain verification that "the requirements of any applicable law or administrative procedure have been met." Section 6330(c)(2) prescribes the matters that a person may raise at an administrative hearing.  Section 6330(c)(2)(A) provides that a person may raise issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  In addition, section 6330(c)(2)(B) establishes the circumstances under which a person may challenge the existence or

amount of his or her underlying tax liability.  Section
6330(c)(2)(B) provides:

> Issues at hearing.--
>
> \*   \*   \*   \*   \*   \*   \*
>
> (B) Underlying liability.  The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

When the Appeals Office issues a Notice Of Determination
Concerning Collection Action(s) to a taxpayer following an
administrative hearing, section 6330(d)(1) provides that the
taxpayer has 30 days following the issuance of such notice to
file a petition for review with the Tax Court or, if the Tax
Court does not have jurisdiction over the underlying tax
liability, with a Federal District Court.  See Offiler v.
Commissioner, 114 T.C. 492, 497-498 (2000).

Petitioner received notices of deficiency for the taxable
years 1983 and 1993 to 1995 and filed petitions for
redetermination with the Court challenging those notices.  It
follows that petitioner is barred under section 6330(c)(2)(B)
from challenging the existence or amount of his underlying tax

liabilities for 1983 and 1993 to 1995 in this proceeding.[8]  See Goza v. Commissioner, supra at 180-181.

Petitioner's conduct in his earlier deficiency cases at docket Nos. 27411-88, 20474-90, 18627-97, and 6546-00, coupled with his actions in this proceeding, clearly demonstrates that petitioner exploited the collection review procedures primarily for the purpose of delay.  As discussed below, petitioner's arguments have absolutely no merit.[9]

Petitioner contends that the Appeals Office failed to verify that all applicable laws and administrative procedures were met.  However, the Forms 4340 attached to respondent's Motion for Summary Judgment show that respondent (1) properly assessed the tax liabilities that respondent intends to collect from petitioner, and (2) properly notified petitioner of those assessments by way of notices of balance due.  See, e.g., Hughes v. United States, 953 F.2d 531, 535-536 (9th Cir. 1992).

Numerous cases establish that no particular form of verification of an assessment is required, that no particular

---

[8] The Court further notes that res judicata would appear to provide an alternative basis for our holding on this point.

[9] Under the circumstances, petitioner has given us no reason to believe that remanding this matter to respondent's Appeals Office would be productive or otherwise advance the policies underlying sec. 6330.  Consistent with our reasoning in Keene v. Commissioner, 121 T.C. 8, 19-20 (2003), and in Kemper v. Commissioner, T.C. Memo. 2003-195, we conclude that a remand is unwarranted.

document need be provided to a taxpayer at an administrative hearing conducted under section 6330, and that a Form 4340 (such as those included in this record) and other transcripts of account satisfy the verification requirements of section 6330(c)(1). See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lunsford v. Commissioner, 117 T.C. 183 (2001).

Petitioner also asserted that his tax liabilities for 1983 and 1993 to 1995 were discharged by the bankruptcy court. The Court has jurisdiction in a collection review proceeding to determine whether the unpaid tax liabilities in dispute were discharged in a bankruptcy proceeding. Washington v. Commissioner, 120 T.C. 114, 120-121 (2003).

The record reflects that, on December 6, 1996, petitioner voluntarily filed a bankruptcy petition under chapter 7 of the Bankruptcy Code. Although the bankruptcy court issued an order of discharge in that case, petitioner's unpaid tax liabilities for 1983 and 1993 to 1995 were not discharged because petitioner failed to file tax returns for those years. See 11 U.S.C. sec. 523(a)(1)(B)(i) (2000); Swanson v. Commissioner, 121 T.C. 111, 124-125 (2003).

Petitioner's assertion that respondent's motion should be denied on the ground respondent failed to demonstrate that

petitioner did not file tax returns for the years in issue is wholly misguided. In particular, at docket No. 27411-88, the Court entered a decision sustaining respondent's determination that petitioner was liable for the addition to tax under section 6651(a)(1) (failure to file a tax return) for 1983. In conjunction with the Court's decision at docket No. 27411-88, we observe that petitioner's Form 4340 for 1983 reflects that the notice of deficiency that respondent issued to petitioner for that year was predicated upon respondent's preparation of a substitute for return. We have held that a substitute for return does not constitute a return of the taxpayer for purposes of 11 U.S.C. sec. 523(a)(1)(B). See Swanson v. Commissioner, supra at 123-124.

In addition, at docket No. 18627-97, the Court entered a decision sustaining respondent's determination that petitioner was liable for additions to tax under section 6651(a)(1) (failure to file a tax return) for the taxable years 1993, 1994, and 1995. Specifically, we held that (1) the tax return that petitioner submitted to respondent for 1993 was invalid, and (2) petitioner failed to submit to respondent a tax return for 1994 or 1995. Howard v. Commissioner, T.C. Memo. 2000-222. Our decisions at docket Nos. 27411-88 and 18627-97 are final and may not be challenged in this proceeding. Sec. 7481(a).

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Forms 4340. Moreover, petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4).

The record reflects that the Appeals Office properly verified that all applicable laws and administrative procedures governing the assessment and collection of petitioner's unpaid tax liabilities were met. Accordingly, we hold that the Appeals Office did not abuse its discretion in determining to proceed with collection against petitioner.

B. Levy Upon Appeal

We turn now to respondent's Motion to Permit Levy. As recently discussed in Burke v. Commissioner, 124 T.C. __, __ (2005) (slip op. at 11-13), section 6330(e)(1) sets forth the general rule that respondent may not proceed with collection by levy if an administrative hearing is timely requested under section 6330(a)(3)(B) and while any appeals from such administrative hearing are pending. Section 6330(e)(2) provides an exception to the suspension of the levy imposed under subsection (e)(1) if the person's underlying tax liability is not

at issue in the appeal and the Court determines that good cause is shown not to suspend the levy.

We have already concluded that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liabilities for 1983 and 1993 to 1995 in this proceeding. See Goza v. Commissioner, 114 T.C. at 180. In addition, respondent has shown good cause why the levy should no longer be suspended. In short, as was the case in Burke v. Commissioner, supra, petitioner has used the collection review procedure primarily as a device to needlessly delay collection. Petitioner is no stranger to the Court. As outlined above, he abused the Court's procedures in the deficiency cases at docket Nos. 20474-90, 18627-97, and 6546-00. Petitioner's arguments in this case lacked any merit. Considering all the circumstances, we see no justification for further delaying the collection process. Accordingly, we shall grant respondent's Motion to Permit Levy.

II. Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. We warned taxpayers in Pierson v. Commissioner, 115

T.C. 576, 581 (2000), that abusing the procedural protections afforded by sections 6320 and 6330 by pursuing frivolous lien or levy actions for purposes of delaying the tax payment process would result in sanctions under section 6673(a). As previously mentioned, the Court has imposed penalties on petitioner under section 6673(a) in the prior deficiency proceedings.

As discussed above, petitioner prosecuted this case primarily to delay collection of his unpaid tax liabilities. Petitioner's arguments were devoid of any merit and caused a needless waste of judicial resources. Taxpayers who promptly pay their taxes should not have to bear the cost of Government and tax collection associated with citizens who are unwilling to obey the law or shoulder their assigned share of the Government's cost. This is the third case for this petitioner to result in a section 6673 penalty, the most recent of which, at docket No. 6546-00, imposed a penalty of $7,500. It is appropriate that the amount of such penalty increase where petitioner continues to abuse the judicial process. Accordingly, the Court concludes a section 6673 penalty of $10,000 shall be awarded to the United States in this case.

To reflect the foregoing,

An order and decision will
be entered granting respondent's
motion to permit levy and motion

- 19 -

for summary judgment, and a decision will be entered for respondent which includes the imposition of a penalty under section 6673(a).