T.C. Memo. 2005-144

UNITED STATES TAX COURT

RANDAL W. HOWARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11442-04.                    Filed June 20, 2005.

Randal W. Howard, pro se.

Ric D. Hulshoff, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent determined deficiencies in petitioner's Federal income tax of $5,219 for 2000 and $9,164 for 2002, and additions to tax for failure to file under section 6651(a)(1) of $814 for 2000 and $1,746.23 for 2002, for failure to pay tax under section 6651(a)(2) of $465.66 for 2002, and for failure to pay estimated tax under section 6654 of $162.28 for

2000 and $288.17 for 2002. Respondent now contends that, for 2000, petitioner's income tax deficiency is $5,457 and that he is liable for additions to tax under section 6651(a)(1) of $874 and under section 6654 of $175. Respondent concedes that petitioner is not liable for the addition to tax under section 6651(a)(2) for 2002 and now contends that he is liable for an increased addition to tax under section 6651(a)(1) of $1,940.25 for 2002.

The issues for decision are:

1. Whether petitioner had unreported income of $38,858 for 2000 and $55,197 for 2002. We hold that he did.

2. Whether petitioner is liable for the addition to tax for failure to file under section 6651(a)(1) of $874 for 2000 and $1,940.25 for 2002. We hold that he is.

3. Whether petitioner is liable for the addition to tax for failure to pay estimated tax of $175 for 2000 and $288.17 for 2002. We hold that he is.

4. Whether petitioner is liable for a penalty under section 6673 for instituting proceedings primarily for delay and for maintaining frivolous or groundless positions. We hold that he is in the amount stated below.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioner resided in Arizona when he filed his petition. He previously petitioned this Court in cases decided at Howard v. Commissioner, T.C. Memo. 1998-57 (Howard I); Howard v. Commissioner, T.C. Memo. 1998-300 (Howard II); Howard v. Commissioner, T.C. Memo. 2000-222 (Howard III); Howard v. Commissioner, T.C. Memo. 2002-85 (Howard IV); and Howard v. Commissioner, T.C. Memo. 2005-100 (Howard V). Petitioner's positions in the previous cases were frivolous and groundless. In Howard III, Howard IV, and Howard V, we awarded penalties to the United States under section 6673.

Family Life Broadcasting System employed petitioner in 2000 and 2002, paid wages to him by check, and issued to him Forms W-2, Wage and Tax Statement. He received wage income of $36,899 in 2000 and $39,460 in 2002 and Social Security benefits of $14,840 in 2002. He had $1,357 withheld for Federal income tax in 2000, and $1,176 withheld in 2002. Petitioner received from his investments with a fund managed by the Phoenix Investment Partners, Ltd., dividends in 2000 of $830.31 and in 2002 of $701.45, of which $210 was withheld for Federal income tax, and capital gain income in 2000 of $1,054.69, of which $584 was withheld for Federal income tax. Petitioner also received interest in 2000 of $74, of which $22 tax was withheld, and in 2002 of $196, of which $17 tax was withheld.

Petitioner did not file a Federal income tax return for 2000 or 2002. He did not make estimated tax payments for 2000 or 2002.

Respondent issued a notice of deficiency to petitioner. Respondent determined on the basis of documents provided by third-party payors that petitioner received taxable income. However, respondent did not include in the determination for 2000 dividends of $830.31 that petitioner had received in 2000. Respondent determined that petitioner's filing status was single and allowed one exemption to petitioner.

Before trial, petitioner asserted that he had a right not to testify because to do so would have required him to waive his Fifth Amendment privilege against self-incrimination. Petitioner did not identify or exchange any documents, identify witnesses, or file a pretrial memorandum as required by the standing pretrial order. Respondent complied with these requirements.

OPINION

A. Burdens of Production and Proof

    1. Burden of Production

        a. Section 6201(d)

If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative

information concerning that deficiency in addition to such information return.  Sec. 6201(d).

Petitioner did not introduce any evidence to refute respondent's evidence or show that respondent's determination of petitioner's income is in error.  We conclude that respondent does not have the burden of production under section 6201(d) because petitioner did not assert a reasonable dispute with respect to any item of income reported on an information return and petitioner has not fully cooperated with respondent.  Even if respondent had the burden of proceeding under section 6201(d), respondent met that burden by producing information returns with certified transcripts from respondent's administrative files and from Social Security Administration files and declarations and supporting records from Douglas Goodall and Donna Bolio.  The declarations were made under penalties of perjury pursuant to and are in the form required by 28 U.S.C. section 1746 (2000).

The declarations are admissible under rules 803(6) and 902(11) of the Federal Rules of Evidence.  Rule 803(6) of the Federal Rules of Evidence provides an exception to the hearsay rule for records that are kept in the course of a regularly conducted activity and made at or near the time of the event by a person with knowledge.  Rule 902(11) of the Federal Rules of Evidence states the requirements for self-authentication of a business record.  To qualify under rule 902(11), a domestic

record of a regularly conducted business activity must be accompanied by a declaration certifying that the record (1) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) was kept in the course of the regularly conducted activity; and (3) was made by the regularly conducted activity as a regular practice. All of the underlying documents were kept in the regular course of business, and the declarations of the validity of these documents were made by people familiar with them.

We conclude that section 6201(d) does not apply in this case.

### b. Determination in Unreported Income Cases

The U.S. Court of Appeals for the Ninth Circuit (to which an appeal of this case would lie) has held that in order for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish "some evidentiary foundation" linking the taxpayer to the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or some substantive evidence "demonstrating that the taxpayer received unreported income", Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); see also Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985). Once there is evidence of actual receipt of

funds by the taxpayer, the taxpayer has the burden of proving that all or part of those funds is not taxable.  Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).

There is ample evidence linking petitioner to income-producing activities.  He received wages from Family Life, capital gain and dividends from Phoenix Investment Partners, Social Security benefits, and interest from the Arizona Central Credit Union during the years in issue.  At trial, respondent submitted Forms W-2, Wage and Tax Statement, Forms 1099-MISC, Miscellaneous Income, transcripts from the Social Security Administration, employer records, and declarations under penalties of perjury of petitioner's employer and of a representative for Phoenix Investment Partners as to the validity of these underlying documents.  The transcripts, declarations, and supporting documents show that petitioner received income during the years in issue.  Thus, petitioner bears the burden of proving respondent's determinations are in error.  See Edwards v. Commissioner, supra; Weimerskirch v. Commissioner, supra.

2.  Burden of Proof

At trial, respondent moved to amend the pleadings to conform to the proof, asserting an increased deficiency and additions to tax for 2000 as a result of respondent's inadvertent failure to include in petitioner's income $830.31 of dividends from Phoenix Investments in 2000.  The parties may amend their pleadings only

by leave of the Court, and leave shall be given freely when justice so requires. Rule 41(a). A party may move to amend the pleadings to conform to the proof presented at trial. Rule 41(b)(2). Prejudice to the other party is a key factor in deciding whether to allow an amendment to the pleadings. Kroh v. Commissioner, 98 T.C. 383, 389 (1992).

We granted respondent's motion because (1) the third-party Form 1099, Miscellaneous Income, from Phoenix Investment shows that petitioner received $830.31 in dividends in 2000, (2) respondent did not include this amount when determining petitioner's income for 2000, and (3) there is no prejudice to petitioner.

Respondent bears the burden of proving the increased deficiency for 2000 and additions to tax raised in the pleadings. See Rule 142(a).

Petitioner contends that respondent generally bears the burden of proof. We disagree. The burden of proof for a factual issue relating to liability for tax may shift to the Commissioner under certain circumstances. Sec. 7491(a). Under section 7491(a), the burden of proof with respect to a factual issue relevant to a taxpayer's liability for tax shifts from the taxpayer to the Commissioner if, inter alia, the taxpayer has: (a) Complied with substantiation requirements under the Internal Revenue Code, sec. 7491(a)(2)(A); (b) maintained all records

required by the Internal Revenue Code, sec. 7491(a)(2)(B); and (c) cooperated with reasonable requests by the Secretary for information, documents, and meetings, id. A taxpayer bears the burden of proving that he or she has met the requirements of section 7491(a). See H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. 105-174, at 45 (1998), 1998-3 C.B. 537, 581. Petitioner does not contend that he meets the requirements of section 7491(a), and the record shows that he did not meet those requirements because he did not cooperate with respondent. Thus, petitioner bears the burden of proof except as to the increased deficiency and increased additions to tax. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

3. Whether Petitioner's Fifth Amendment Claims Affect the Burden of Proof

Before trial, petitioner asserted Fifth Amendment rights against self-incrimination. However, even if petitioner's claim was bona fide (which we need not decide), it would have no effect on petitioner's burden of proof. See United States v. Rylander, 460 U.S. 752, 758 (1983); Petzoldt v. Commissioner, 92 T.C. 661, 684-685 (1989); Traficant v. Commissioner, 89 T.C. 501, 504 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

B.    Petitioner's Income in 2000 and 2002

    1.    Respondent's Determination

Petitioner has not shown that respondent's determination relating to the amount of his income for 2000 and 2002 is incorrect.  We conclude that petitioner received taxable income in 2000 and 2002 as determined by respondent.

    2.    Increased Deficiency for 2000

As discussed above, the Commissioner has the burden of proving increased deficiencies and additions to tax asserted in the pleadings.  Rule 142(a).  Petitioner received dividends of $830.31 in 2000 that respondent did not determine to be included in petitioner's income for 2000.  Thus, respondent has proven the increased deficiency for 2000.  We conclude that petitioner received income as described above in the findings of fact.

C.    Petitioner's Deductions

A taxpayer must keep records that are sufficient to enable the Commissioner to determine his or her tax liability.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Deductions are a matter of legislative grace.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  A taxpayer must substantiate the payments which give rise to claimed deductions.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); see sec. 6001.

Petitioner alleged in the petition that he is entitled to claim deductions. However, petitioner has not identified the items that he contends are deductible or offered any evidence supporting his claim. Thus, he may not deduct any amount for 2000 or 2002.

We conclude that petitioner's deficiencies in income tax were $5,457 for 2000 and $9,164 for 2002.

D.    Additions to Tax

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose additions to tax. To meet the burden of production under section 7491(c), the Commissioner must produce evidence showing that it is appropriate to impose the particular addition to tax but need not produce evidence relating to defenses such as reasonable cause or substantial authority. Higbee v. Commissioner, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, supra at 241, 1998-3 C.B. at 995.

Respondent has met the burden of production under section 7491(c) with respect to the addition to tax for failure (a) to file under section 6651(a)(1) because the record shows that petitioner is required to but has not filed a return for 2000 and 2002; and (b) to make estimated tax payments under section 6654(a) because the record shows that petitioner did not make estimated tax payments, except for nominal amounts withheld from

his wages and investments, with respect to his tax liability for 2000 or 2002.

The addition to tax under section 6651(a)(1) for failure to file is based on the amount of tax due. Thus, respondent met the burden of proving that petitioner is liable for the increased addition to tax under section 6651(a)(1) by showing that petitioner had an increased deficiency for 2000 as described above.

Respondent conceded that petitioner is not liable for the addition to tax under section 6651(a)(2) for 2002. Thus, section 6651(c)(1) (reducing the amount imposed by section 6651(a)(1) to 4.5 percent for any month in which both section 6651(a)(1) and (2) are imposed) does not apply and the 5-percent rate does. Respondent has established that petitioner is liable for the addition to tax under section 6651(a)(1) for 2002 in an amount greater than respondent determined in the notice of deficiency.

We conclude that petitioner is liable for additions to tax for failure to file under section 6651(a)(1) of $874 for 2000 and $1,940.25 for 2002, and failure to pay estimated tax under section 6654 of $175 for 2000 and $288.17 for 2002.

E.   Penalty for Frivolous Positions or Instituting Proceedings Primarily for Delay Under Section 6673

Respondent moved at trial to impose a penalty under section 6673. The Court may impose a penalty of up to $25,000 if the position or positions asserted by the taxpayer in the case are

frivolous or groundless or the proceedings were instituted primarily for delay. Sec. 6673(a)(1)(B). A position maintained by the taxpayer is frivolous if it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); <u>Gilligan v. Commissioner</u>, T.C. Memo. 2004-194.

Petitioner's positions at trial that being paid is not a taxable event and that respondent has refused to identify the statutes that makes him liable to pay the taxes at issue are frivolous. Petitioner had five previous cases in this Court and has previously been found liable for the penalty under section 6673. He has had ample warning of the penalty under section 6673. We conclude that petitioner instituted these proceedings primarily for delay and that he is liable for a penalty under section 6673 of $12,500.

To reflect the foregoing and concessions by respondent,

<u>Decision will be entered under Rule 155</u>.