T.C. Memo. 2008-199

UNITED STATES TAX COURT

STEVEN EUGENE COBAUGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2571-06.                    Filed August 26, 2008.

Steven Eugene Cobaugh, pro se.

<u>John T. Lortie</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  In notices of deficiency dated November 16, 2005, respondent determined the following deficiencies and additions to tax with respect to petitioner's Federal income taxes:

|       |            | Additions to tax |             |
|-------|------------|------------------|-------------|
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6654(a) |
| 1998  | $43,888    | $5,442           | $884        |
| 1999  | 45,326     | 10,043           | 1,916       |
| 2000  | 47,492     | 11,762           | 2,510       |
| 2001  | 120,611    | 30,153           | 4,820       |
| 2002  | 48,298     | 11,954           | 1,596       |
| 2003  | 38,948     | 9,003            | 934         |

Petitioner timely filed a petition seeking a redetermination of the deficiencies and additions to tax.

In an amendment to answer, respondent asserts that petitioner is liable for the additions to tax under section 6651(a)(1) and (2)[1] as follows:

|       | Additions to tax |                   |
|-------|------------------|-------------------|
| Year  | Sec. 6651(a)(1)  | Sec. 6651(a)(2)   |
| 1998  | $4,897           | $5,442            |
| 1999  | 9,038            | 10,043            |
| 2000  | 10,585           | 11,762            |
| 2001  | 27,137           | To be determined  |
| 2002  | 10,758           | To be determined  |
| 2003  | 8,467            | To be determined  |

Respondent also asserts that petitioner is liable for the section 6651(a)(2) addition to tax for 2001-03,[2] an additional deficiency for 2003 of $1,622, and an additional section 6654(a) addition to tax for 2003 of $42.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some monetary amounts have been rounded to the nearest dollar.

[2] In the amendment to answer, respondent did not calculate the amounts of the sec. 6651(a)(2) addition to tax for 2001-03 because the time period necessary to support the assertion of the maximum penalty amount under sec. 6651(a)(2) had not yet been attained.

After concessions,[3] the issues for decision are: (1) Whether petitioner is liable for the section 6651(a)(1) addition to tax for 1998-2003; (2) whether petitioner is liable for the section 6651(a)(2) addition to tax for 1998-2003; and (3) whether petitioner is liable for the section 6654(a) addition to tax for 1998-2003.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts are incorporated herein by this reference. When the petition was filed, petitioner resided in Florida.

During the years at issue petitioner was an airline pilot for U.S. Airways. Because of a medical disability, petitioner no longer works for U.S. Airways. Petitioner attended college for 2 years but did not obtain a degree.

Sometime before April 1999 a friend told petitioner about Lee Scott Roberts (Roberts), who was affiliated with American Tax

---

[3]The parties have stipulated the amounts of the tax deficiencies for 1998 through 2003. The parties have also stipulated that the agreed tax deficiencies for 1998 and 1999 do not account for payments of $22,122 and $5,157 made on Apr. 15, 1999 and 2000, respectively, and that the agreed tax deficiencies for 2000, 2002, and 2003 do not account for prepayment credits of $447, $483, and $2,937 made on Apr. 15, 2001, 2003, and 2004, respectively. As a result of the stipulations, including a concession that petitioner is liable for a reduced deficiency for each of the years 1998-2002, the amount of any addition to tax will have to be recalculated in a Rule 155 proceeding. Any issues regarding the correct calculation of the additions to tax may be addressed therein.

Consultants (ATC). Although petitioner testified that Roberts was a certified public accountant (C.P.A.) who worked in an office in Tampa, Florida, with a tax attorney, petitioner never investigated Roberts's background or verified his C.P.A. license.

In March 1999 petitioner telephoned Roberts to discuss petitioner's tax returns. During the conversation Roberts told petitioner that the Federal Government had jurisdiction only inside Washington, D.C., and the U.S. territories and that petitioner did not owe tax unless he was, among other things, a Government employee. On March 24, 1999, petitioner signed an agreement engaging ATC to provide tax advice and return preparation for a fee.

In a meeting sometime after March 24, 1999, Roberts gave petitioner a bound compilation of documents titled "Associated Tax Consultants Income Tax Seminar". The documents included, among other things, copies of parts of the U.S. Constitution, the Internal Revenue Code, a Treasury publication, and Treasury regulations.

Despite initial concerns about Roberts's advice, petitioner did not seek a second opinion or consult his father, a C.P.A., about the advice. Petitioner did not consult his father because he knew that his father would have disagreed with Roberts's advice.

Although Roberts apparently prepared documents for petitioner that he claimed were returns, petitioner did not introduce any credible evidence to prove that proper returns for 1998-2003 were prepared and filed by their respective due dates. The only documentary evidence that petitioner introduced regarding the preparation of returns was copies of unsigned Forms 1040NR-EZ, U.S. Income Tax Return for Certain Nonresident Aliens With No Dependents, for 1998 and 1999 showing only zeros on the income lines and claiming a refund of the full amount of his Federal income tax withholding reported on his Forms W-2, Wage and Tax Statement. The documents reported that petitioner was not a U.S. citizen and that he had no income.[4]

On or around April 14, 2003, Roberts was indicted on nine counts of filing false income tax refund claims. Petitioner first learned of Roberts's criminal prosecution from the Internal Revenue Service (IRS), and sometime in 2002 or 2003 someone from the IRS interviewed petitioner regarding Roberts.

On December 8, 2003, a Federal jury found Roberts guilty on one count of conspiracy to file false claims and 11 counts of filing false claims for income tax refunds. On or around March 16, 2004, Roberts was sentenced to 51 months of imprisonment.

---

[4]Petitioner admitted at trial that the Forms 1040NR-EZ contained false statements.

Respondent prepared substitute returns for petitioner on January 10, 2005, for 1998; on January 12, 2005, for 1999-2002; and on January 18, 2005, for 2003. On November 16, 2005, respondent sent petitioner notices of deficiency for 1998-2003. On February 6, 2006, petitioner petitioned this Court alleging that the amounts of tax are incorrect, the additions to tax[5] and interest are in error, and the periods of limitations for collection have expired for 1998 and 1999.

In 2006 after petitioner filed his petition, he filed Federal income tax returns for 1998-2003 that his father had prepared.

On May 14, 2007, a trial was held in Miami, Florida.

OPINION

I. Respondent's Burden of Production Under Section 7491(c)

If a taxpayer assigns error to the Commissioner's determination that the taxpayer is liable for an addition to tax or penalty, the Commissioner has the burden, under section 7491(c), of producing evidence that the addition to tax or penalty applies. See Swain v. Commissioner, 118 T.C. 358, 364-365 (2002); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). In order to meet his burden of production, the Commissioner must come forward with sufficient evidence that it is appropriate to

_____

[5]In his petition petitioner uses the term "penalty" to describe the additions to tax respondent determined.

impose the relevant addition to tax or penalty.  Higbee v.
Commissioner, supra at 446.  However, the Commissioner is not
required to introduce evidence regarding reasonable cause,
substantial authority, or similar defenses.  Id.  Once the
Commissioner meets his initial burden of production, the taxpayer
must come forward with persuasive evidence that the
Commissioner's determination is incorrect.  Id. at 447.[6]

In the petition, petitioner contested his liability for the
additions to tax.  We conclude, therefore, that petitioner
assigned error to the additions to tax, see Swain v.
Commissioner, supra at 364-365, and that respondent has the
burden under section 7491(c) to produce evidence that it is
appropriate to hold petitioner liable for the additions to tax.[7]

_____

[6]The taxpayer ordinarily has the burden of proof regarding
additions to tax under secs. 6651(a) and 6654.  Rule 142(a)(1).
Respondent has the burden of proof with respect to the additions
to tax under sec. 6651(a)(2) for all years at issue and the
increased addition to tax under sec. 6654 for 2003 because he
asserted them in his amended answer.  See Rule 142(a)(1).  The
parties stipulated the 1998-2003 deficiencies and the certified
transcripts which show (1) IRS preparation of a substitute return
under sec. 6020(b) for each of the years at issue, (2) the
earliest dates on which petitioner filed documents  that the IRS
processed as returns (2006), and (3) the dates and amounts of
relevant payments and credits for the years at issue.  We hold
that the evidence described above is sufficient to satisfy
respondent's burden of proof with respect to the additions to tax
under sec. 6651(a)(2) and the increased sec. 6654 addition to tax
for 2003.  See Bhattacharyya v. Commissioner, T.C. Memo. 2007-19;
Howard v. Commissioner, T.C. Memo. 2005-144.

[7]Because we decide that petitioner is liable for the
additions to tax, the amounts of the additions to tax will have
                                        (continued...)

II.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to file a timely Federal income tax return, unless it is shown that such a failure is due to reasonable cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  A failure to file a timely return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time.  See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a conscious, intentional failure to file or reckless indifference toward filing.  See United States v. Boyle, supra at 245.

Respondent introduced into evidence certified copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to petitioner's 1998-2003 taxable years, showing that petitioner did not file timely Federal income tax returns for 1998-2003.  The Forms 4340 are sufficient to satisfy respondent's burden of production under section 7491(c) with respect to the additions to tax under section 6651(a)(1).

Petitioner, however, contends that Roberts filed petitioner's 1998-2003 returns.  His testimony was not supported by any credible evidence showing that returns satisfying the

---

[7](...continued)
to be recalculated on the basis of the stipulated deficiencies.

requirements for a valid return were prepared or filed.  The only documents petitioner introduced were unsigned copies of Form 1040NR-EZ for 1998 and 1999.  Although petitioner testified that he signed forms and returned them to Roberts to file, the record contains no evidence that petitioner or someone on his behalf actually filed before 2006 forms that qualified as returns for each of the years 1998-2003.  In addition, even if we were to conclude that Roberts sent the 1998 and 1999 Forms 1040NR-EZ to respondent, they were not valid returns for purposes of section 6651(a)(1) because they showed only zeros.  See Cabirac v. Commissioner, 120 T.C. 163, 169 (2003).  The record does not support a finding that petitioner filed valid and timely returns for 1998-2003 before 2006.

To avoid the section 6651(a)(1) addition to tax, petitioner must prove that his failure to file valid and timely 1998-2003 returns was due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1); Rule 142(a).  Petitioner argues that his failure to file valid and timely 1998-2003 returns was due to reasonable cause and not due to willful neglect because he reasonably relied on professional advice that he did not have a tax liability.  Petitioner cites two cases, United States v. Boyle, supra at 250-251, and Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991), in support of his argument.

In United States v. Boyle, supra at 252, the Supreme Court held that a taxpayer may not avoid the section 6651(a)(1) addition to tax for reasonable cause when the taxpayer relied on his adviser to file his tax return. The Court stated that "one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due". Id. at 251. The Court suggested, however, that reliance on an adviser for a question of substantive law may constitute reasonable cause. Id. In Freytag v. Commissioner, supra at 888-889, we held that the taxpayers could not avoid the section 6653(a) addition to tax for negligence by relying on the advice of their investment counselors where the taxpayers "had to know that the investment was simply too good to be valid taxwise."

Although those cases suggest that under certain circumstances a taxpayer may avoid additions to tax when a taxpayer relied on the erroneous advice of a competent professional adviser, neither case supports petitioner's position that his reliance on Roberts's advice constitutes reasonable cause. We have held that a mistaken belief that no tax was due is not sufficient to establish reasonable cause absent reliance on a competent tax adviser or a good-faith effort to ascertain the filing requirements. See Shomaker v. Commissioner, 38 T.C. 192, 202 (1962); French v. Commissioner, T.C. Memo. 1991-196. Petitioner did not prove that he reasonably relied on a

professional tax adviser or that he made a good-faith effort to ascertain the filing requirements. Petitioner offered no credible evidence regarding Roberts's professional credentials, if any, and Roberts's advice, to the extent reflected in the record, consisted only of groundless and frivolous arguments. The Forms 1040NR-EZ that Roberts allegedly prepared on petitioner's behalf, and that petitioner admitted he signed, falsely stated that petitioner was not a U.S. citizen and had no income. The false statements on the Forms 1040NR-EZ should have alerted petitioner that Roberts's advice was faulty and that it was not reasonable to rely on it.

In addition, petitioner did not make a good-faith effort to ascertain the validity of Roberts's advice. Despite having initial concerns about the truth of the advice, petitioner did not investigate Roberts's background or consult another tax professional. Petitioner testified that he wanted to believe that Roberts's advice was valid and that he did not consult his father, a C.P.A., because he knew that if the advice were true, his father "wouldn't have seen the truth in it". Even after learning of Roberts's criminal prosecution, petitioner did nothing to investigate Roberts's credentials. During 2003 Roberts was indicted and convicted of filing false and fraudulent claims for income tax refunds, yet petitioner testified that he still allowed Roberts to prepare his 2003 return.

Petitioner's failure to make a good-faith effort to verify Roberts's credentials or the legitimacy of his advice establishes that petitioner's reliance on Roberts was neither reasonable nor in good faith. We conclude, therefore, that petitioner did not establish that he had reasonable cause for failing to timely file valid 1998-2003 returns.[8] Accordingly, we sustain respondent's determination that petitioner is liable for the section 6651(a)(1) addition to tax[9] for each of the years at issue.

III. Section 6651(a)(2) Addition to Tax

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a return. The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. at 170. Petitioner did not file valid and timely 1998-2003 returns; however, respondent prepared substitute returns under section 6020(b) for those years. A return made by the Secretary under section 6020(b) is treated as the return filed by the taxpayer for

---

[8]In view of our ruling regarding reasonable cause, we need not consider whether petitioner's failure to file was due to willful neglect.

[9]Petitioner alleged in his petition that the periods of limitations have expired for 1998 and 1999 and that consequently respondent cannot collect deficiencies and additions to tax for those years. Sec. 6501(c)(3) provides that tax may be assessed at any time in the case of a failure to file a return. Because petitioner did not timely file valid returns for 1998-99 as he was required to do, the periods of limitations on assessment had not expired when respondent issued the notices of deficiency. See sec. 6501(c)(3).

purposes of determining the amount of the section 6651(a)(2) addition to tax.  Sec. 6651(g)(2).

The Commissioner's burden of production for the section 6651(a)(2) addition to tax requires that the Commissioner introduce evidence that a return showing the taxpayer's tax liability was filed for the year in question.  Where the taxpayer did not file a valid return, the Commissioner must introduce evidence that he prepared a substitute return satisfying the requirements under section 6020(b).  Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Respondent introduced into evidence substitute returns that satisfy the requirements of section 6020(b)[10] and Forms 4340 establishing that petitioner failed to pay the tax shown on the substitute returns.  Thus the evidence is sufficient to satisfy respondent's burden of production under section 7491(c).

Petitioner argues, as he did for the section 6651(a)(1) addition to tax, that his failure to pay the tax shown on his

---

[10]In Millsap v. Commissioner, 91 T.C. 926, 930 (1988), the Court held that unsubscribed Forms 1040, U.S. Individual Income Tax Return, containing the taxpayer's name, address, Social Security number, and filing status, but no information regarding income or tax, to which were attached subscribed revenue agent's reports containing sufficient information from which to compute the taxpayer's tax liability, qualified as returns under sec. 6020(b).  Respondent introduced into evidence sec. 6020(b) returns for 1998-2003, consisting of Forms 1040 with subscribed Forms 4549, Income Tax Examination Changes, and Forms 886-A, Explanation of Items, for 1998-2003 attached, which provided sufficient information from which to compute petitioner's tax liabilities for 1998-2003.

returns was due to reasonable cause and not due to willful neglect because he relied on professional advice that he did not have a tax liability.  For the reasons stated above regarding the section 6651(a)(1) addition to tax, we find that petitioner did not offer sufficient evidence of reasonable cause for his failure to pay his 1998-2003 Federal income tax liabilities. Accordingly, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6651(a)(2).

IV.  Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax on an individual taxpayer who underpays his estimated tax.  Unless a statutory exception applies, the section 6654(a) addition to tax is mandatory, see sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988), and section 6654 does not contain a general exception for reasonable cause or absence of willful neglect, see Wheeler v. Commissioner, supra at 212.  None of the statutory exceptions under section 6654(e) applies.

To satisfy his burden of production under section 7491(c), respondent introduced evidence establishing that petitioner was required to file Federal income tax returns for 1998-2003; that petitioner did not file such returns; that, after taking into account income tax withheld from petitioner's salary, petitioner did not make any other tax payments for 1998-2003; and that

petitioner had filed a 1997 Federal income tax return showing a Federal income tax liability of $34,574. This evidence is sufficient to satisfy respondent's burden of production establishing that petitioner had required annual payments for 1998-2003 payable in installments under section 6654 and that petitioner underpaid his estimated tax liabilities for 1998-2003. See Wheeler v. Commissioner, supra.

Petitioner offered no evidence that he made any payments with respect to his 1998-2003 tax liabilities other than the income tax withheld from his salary. Consequently, we sustain respondent's determination that petitioner is liable for the additions to tax under section 6654(a) for the years at issue.

We have considered the remaining arguments of both parties and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered
under Rule 155.