T.C. Summary Opinion 2014-101

UNITED STATES TAX COURT

NANETTE J. MARTARANO AND DAVID MARTARANO, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2960-13S.                    Filed October 21, 2014.

Nanette J. Martarano and David Martarano, pro se.

<u>Carlton W. King</u>, for respondent.

SUMMARY OPINION

WHALEN, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered in this case is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  Unless otherwise indicated, all section references are to the

Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,566 in petitioners' joint income tax for taxable year 2011. The issues are whether petitioners are entitled to deductions for the "other expenses" reported on the Schedules C, Profit or Loss From Business, filed with their return and whether they are entitled to the unreimbursed employee expense deduction claimed on the Schedule A, Itemized Deductions, filed with their return.

Additionally, at the conclusion of the trial respondent's attorney orally moved "to conform the pleadings to the proof to assert the accuracy-related penalty pursuant to Section 6662 due to negligence in this case." We must decide whether to grant respondent's motion and, if we grant it whether petitioners are liable for the accuracy-related penalty under section 6662(a).

## Background

The parties have stipulated some of the facts in this case, and the Court took the stipulation of facts filed by the parties and the exhibits attached thereto into evidence. The stipulation of facts and the exhibits are incorporated herein by reference. Petitioners resided in the State of Massachusetts at the time they filed

their petition. When this case was called for trial Mrs. Martarano (petitioner) appeared, but Mr. Martarano did not.

Petitioner describes herself as "a tax professional." She has worked for H&R Block for five years, and she is working to become an enrolled agent of the Internal Revenue Service.

Petitioners made a single return jointly of their income tax for taxable year 2011. On their return they reported compensation of $6,489 that was paid to petitioner by H&R Block Eastern Enterprises and compensation of $7,462 that was paid to her by Bath & Body Works, LLC. They also reported compensation of $65,709 that was paid to Mr. Martarano by W.B. Mason Co., Inc., a company engaged in the distribution of office products.

Petitioners' 2011 income tax return was filed electronically on April 15, 2012. The parties attached to the stipulation of facts a copy of petitioners' 2011 return that was based upon respondent's transcript of the return as filed. According to respondent's transcript, three Schedules C were filed for the same activity, Avon Independent Sales, sometimes referred to herein as Avon Sales. The income and expenses reported on the Schedules C are as follows:

| Item | Avon Sales | Avon Sales | Avon Sales |
|---|---|---|---|
| Gross receipts or sales | $127 | $127 | -0- |
| Costs of goods sold | -0- | -0- | -0- |
| Gross profit | 127 | 127 | -0- |
| Other income | -0- | -0- | -0- |
| Gross income | 127 | 127 | -0- |
| Car and truck expenses | 391 | 391 | -0- |
| Office expense | 90 | 90 | -0- |
| Meals and entertainment | 17 | 17 | -0- |
| Other expenses | 2,291 | 2,291 | $5,399 |
| Total expenses | 2,924 | 2,924 | 5,399 |
| Net profit or loss | -2,797 | -2,797 | -5,399 |

As shown above, the first two Schedules C are identical. The sum of the four expense categories reported on each of those two Schedules C is $2,789, or $135 less than the "Total Expenses" listed on the transcript for each of those Schedules C, $2,924. It is not clear why there is a difference.

Petitioners' return included a Schedule A on which they claimed excess miscellaneous itemized deductions of $14,739. Petitioners claim that these deductions relate to unreimbursed employee expenses from Mr. Martarano's employment with W.B. Mason Co., Inc.

In the notice of deficiency issued to petitioners for 2011 respondent disallowed the deduction for the "other expenses" claimed on each of the three Schedules C for Avon Sales. Respondent also disallowed the deduction for the unreimbursed employee expenses claimed on Schedule A. The adjustments determined in the notice of deficiency are as follows:

| Adjustments to income | Amount |
| --- | --- |
| Schedule C, Avon Indep. Sales, other expenses | $2,291 |
| Schedule C, Avon Indep. Sales, other expenses | 2,291 |
| Schedule C, Avon Indep. Sales, other expenses | 5,399 |
| Excess miscellaneous itemized deductions | 14,739 |
| Total adjustments | $24,720 |

According to the notice of deficiency, the reason for each of the above adjustments is that petitioners had not substantiated the expenses reported. As to each adjustment, the notice of deficiency stated as follows: "Since you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business, we have disallowed the amount shown."

We note that the adjustment made in the notice of deficiency to each of the two identical Schedules C was to disallow the "other expenses" of $2,291. Thus,

in effect, respondent allowed a deduction of $633 for the expenses reported on each of those Schedules C.

During the audit of petitioners' return and at trial petitioner claimed that respondent's transcript of their 2011 return is incorrect. According to petitioner, petitioners had filed four Schedules C with the return, not the three Schedules C for Avon Sales that are described in respondent's transcript of the return and the notice of deficiency. Petitioner's assertion that respondent's transcript of petitioners' 2011 return is incorrect contradicts the stipulation of facts, to which respondent's transcript of petitioners' return is attached as an exhibit.

Petitioner did not introduce copies of the four Schedules C that she claims to have electronically filed, but they are described in respondent's pretrial memorandum and are depicted below:

| Schedules C--On audit | Avon Indep. Sales--Mrs. | Beachbody Sales--Mrs. | Beachbody Sales--Mr. | Numis Sales--Mr. |
|---|---|---|---|---|
| Gross receipts or sales | $127 | -0- | -0- | -0- |
| Cost of goods sold | -0- | -0- | -0- | -0- |
| Gross profit | 127 | -0- | -0- | -0- |
| Other income | -0- | -0- | -0- | -0- |
| Gross income | 127 | -0- | -0- | -0- |
| Car and truck expenses | 391 | -0- | -0- | -0- |
| Office expense | 90 | -0- | -0- | -0- |
| Meals and entertainment | 17 | -0- | -0- | -0- |
| Other expenses | 2,291 | $554 | $595 | $4,250 |

| | | | |
|---|---|---|---|
| Unknown expense | 135 | -0- | -0- | -0- |
| Total expenses | 2,924 | 554 | 595 | 4,250 |
| Net profit or loss | -2,797 | -554 | -595 | -4,250 |

As shown in the column headings of the above schedule, petitioner claimed that she had conducted the activities entitled Avon Independent Sales and Beachbody Sales and that her husband had conducted the activities entitled Beachbody Sales and Numis Sales.

We note that the aggregate "other expenses" reported on the above four Schedules C is $7,690. On the other hand, the aggregate other expenses reported on the three Schedules C, as to which adjustments were made in the notice of deficiency, amounted to $9,981. At trial petitioner sought to introduce documents in support of the deductions claimed on the above four Schedules C, and, in effect, she conceded the difference between the aggregate other expenses claimed as a deduction on the two sets of Schedules C, $2,291 ($9,981 – $7,690).

We also note that petitioners had pursued a prior case in this Court, involving similar issues, for taxable years 2009 and 2010. See Martarano v. Commissioner, T.C. Summary Opinion 2014-64. Like the instant case, that case dealt with petitioners' claim to be entitled to deduct business expenses on a Schedule C filed with their 2010 return. It also dealt with deductions claimed on

their Schedule A for unreimbursed employee business expenses attributable to Mr. Martarano's employment.

At the start of trial in this case petitioner admitted that, after filing her petition, she did not contact respondent's attorney and she failed to respond to the numerous attempts of respondent's attorney to contact her. In addition, petitioner did not respond to respondent's so-called Branerton letter, in which respondent offered to begin informal discussions and discovery through a pretrial settlement conference. The name of that letter is derived from a case decided by this Court entitled Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), in which the Court stressed the importance of the voluntary exchange of necessary facts, documents, and other data between the parties as an aid to the more expeditious trial of cases as well as for settlement purposes. By failing to contact respondent's attorney before trial, petitioner disregarded the Court's instructions in the standing pretrial notice that "the parties should meet and try to settle the case", that petitioner should "[p]rovide copies of documents to the IRS", and that "the parties should agree in writing (stipulate) about all relevant facts and documents that are not in dispute."

It was not until three days before the calendar call that respondent's attorney received a packet of documents from petitioner. At trial petitioner also sought to introduce other documents not included in the packet and not provided to respondent's attorney before trial. In an attempt to assure the fairness of these proceedings, the Court did not accept into evidence any document that was not included in the packet of documents provided to respondent's attorney before trial. Furthermore, the Court did not accept into evidence copies of petitioners' personal bank statements that had been substantially altered by redaction. Petitioners had not shown the original statements to respondent's attorney before trial, and she did not have them available for inspection in Court. See Phillips v. Commissioner, T.C. Memo. 2013-250, at *9.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a). Petitioners have not claimed, and the record does not establish, that section 7491(a) applies to shift the burden of proof to respondent as to any relevant factual issue. Thus, petitioners must establish that they are entitled to the deductions claimed on their Schedules C as "other

expenses" and that they are entitled to a deduction for the unreimbursed employee expenses claimed on their Schedule A. See Rule 142(a).

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. An expense is ordinary if it is customary or usual within a particular trade, business, or industry or relates to a transaction of "common or frequent occurrence in the type of business involved" and is necessary if it is appropriate and helpful for the development of the business. E.g., Deputy v. du Pont, 308 U.S. 488, 495 (1940). The taxpayer is required to maintain sufficient records to substantiate the expenses claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. The taxpayer bears the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976). In general, no deduction is permitted for personal, living, or family expenses. Sec. 262(a).

Certain types of deductions, including those relating to "listed property", require the taxpayer to meet more stringent substantiation requirements. See sec. 274(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969). As to deductions relating to listed property, the taxpayer must substantiate "by [either] adequate records or by sufficient evidence corroborating

* * * [his or her] own statement" the amount of the expense, the time and place each expense was incurred, and the business purpose of each expense. Sec. 274(d); sec. 1.274-5T(b) and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46016 (Nov. 6, 1985).

To meet the "adequate records test" under section 274(d) and the relevant regulations, the taxpayer must maintain an account book, a diary, a log, a statement of expense, trip sheets, or similar records, and documentary evidence, such as receipts or bills, which, in combination, are sufficient to establish each element of an expenditure or use. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Although a contemporaneous log is not required, "the probative value of written evidence is greater the closer in time it relates to the expenditure or use." Id. subpara. (1); see also Larson v. Commissioner, T.C. Memo. 2008-187. In the absence of adequate records to establish each element of an expense under section 274(d), a taxpayer may alternatively establish an element "(A) By his [or her] own statement, whether written or oral, containing specific information in detail as to such element; and (B) By other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Deductions for Other Expenses Reported on the Schedules C for Petitioner's Avon Sales and Beachbody Sales Activities

As mentioned above, respondent's transcript of petitioners' joint return for 2011 shows that petitioners had filed three Schedules C for Avon Sales, two of which were identical. Respondent determined in the subject notice of deficiency that petitioners are not allowed deductions for the other expenses claimed on those Schedules C in the aggregate amount of $9,981.

At trial petitioner asserted that respondent's transcript of petitioners' 2011 return is wrong. According to petitioner, her return actually included four Schedules C, a Schedule C for each of her two activities, Avon Sales and Beachbody Sales, and a Schedule C for each of Mr. Martarano's two activities, Beachbody Sales and Numis Sales. Petitioner sought to substantiate the "other expenses" that, according to petitioner, were reported on the four Schedules C. Petitioner did not attempt to substantiate the "other expenses" reported on the three Schedules C for Avon Independent Sales that, according to respondent's transcript of account, were filed with petitioners' return for 2011.

In order to substantiate the other expenses reported on the Schedules C for petitioner's Avon Sales and Beachbody Sales activities, petitioners must show, at a minimum, that the expenses are ordinary and necessary expenses paid or

incurred during the taxable year in carrying on a trade or business. See sec. 162(a). Petitioners did not present any list, statement, or ledger of the expenses that were included in the "other expenses" claimed as deductions on petitioner's two Schedules C. As to the other expenses claimed as deductions on petitioner's Schedules C, we find that petitioners have failed to carry their burden of proof. In many, if not in most cases, the "receipts and documentation" on which petitioners relied to establish that the expenses had been paid or incurred during the taxable year were not admitted into evidence. Furthermore, petitioner's testimony was too vague, incomplete, and insufficient to establish that any of the subject expenses was "directly connected with or pertaining to the taxpayer's trade or business", and, thus, constituted an ordinary and necessary business expense with respect to Avon Sales or Beachbody Sales. See sec. 1.162-1(a), Income Tax Regs. Finally, petitioners failed to show that the expenses were not incurred primarily for personal purposes. See sec. 262.

It was evident at the start that petitioner's approach to the trial of this case presented an issue of whether her proof would be relevant to the adjustments determined in the notice of deficiency and of whether she should be permitted to contradict respondent's transcript of her 2011 return, a document included in the stipulation of facts. See Rule 91(e). Nevertheless, the Court permitted petitioner

to proceed. As it turned out, as discussed above, petitioners failed to substantiate any expenses allegedly incurred by petitioner's Avon Sales or Beachbody Sales activities. Furthermore, petitioners did not attempt to substantiate the other expenses claimed as deductions on the three Schedules C for Avon Independent Sales. Accordingly, we hereby sustain respondent's determination with respect to petitioner.

Deductions Claimed on Mr. Martarano's Schedules C for Beachbody Sales and Numis Sales and on Petitioners' Schedule A for Mr. Martarano's Unreimbursed Employee Expenses

Mr. Martarano did not appear at trial, and he did not testify during these proceedings. As a result, Mr. Martarano was not available to explain how the claimed expenses were ordinary and necessary business expenses with respect to his Beachbody Sales and Numis Sales businesses or with respect to his employment with W.B. Mason. Accordingly, we sustain respondent's determination disallowing these expenses just as we did in the case of Mr. Martarano's 2010 expenses. See Martarano v. Commissioner, T.C. Summary Opinion 2014-64.

<u>Respondent's Motion To Conform the Pleadings To Raise the Issue of Petitioners'</u>
<u>Liability for the Accuracy-Related Penalty</u>

As mentioned above, respondent orally moved to amend the pleadings to conform them to the evidence and, thereby, to raise the issue of whether petitioners are liable for the accuracy-related penalty under section 6662(a). Respondent's attorney did not cite any authority for his motion, but we assume that it is based on Rule 41(b), which provides as follows:

> (1) Issues Tried by Consent: When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. The Court, upon motion of any party at any time, may allow such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues, but failure to amend does not affect the result of the trial of these issues.

In deciding whether an issue was tried by implied consent within the meaning of Rule 41(b)(1), the Court considers whether the implied consent results in unfair surprise or prejudice to the nonmoving party and prevents that party from presenting evidence that might have been introduced if the issue had been timely raised. E.g., <u>Phillips v. Commissioner</u>, T.C. Memo. 2013-215, at *9; <u>Bulas v. Commissioner</u>, T.C. Memo. 2011-201, slip op. at 2 n.2; <u>WB Acquisition, Inc. & Subs. v. Commissioner</u>, T.C. Memo. 2011-36, slip op. at 46; <u>Arberg v. Commissioner</u>, T.C. Memo. 2007-244, slip op. at 16; <u>see</u> <u>Howard v.</u>

Commissioner, T.C. Memo. 2005-144, slip op. at 8 ("Prejudice to the other party is a key factor in deciding whether to allow an amendment to the pleadings.").

Section 6662(a) provides for an accuracy-related penalty in the amount of 20% of the portion of any underpayment to which the section applies. By its terms, the section applies to underpayments attributable to any one or more of seven causes, including negligence or disregard of rules or regulations, any substantial understatement of income tax, or any substantial valuation misstatement. See sec. 6662(b)(1)-(3). Respondent's attorney based his motion for the imposition of the penalty on negligence alone. See sec. 6662(c). In effect, respondent's motion asks the Court to find that the record of petitioners' deficiency case, i.e., whether petitioners are entitled to deduct the expenses that were disallowed in the notice of deficiency, includes all of the evidence necessary to determine whether any underpayment of tax for 2011 is due to petitioners' negligence and is subject to the 20% penalty under section 6662(a).

Respondent's motion does not mention the reasonable cause exception for underpayments provided by section 6664(c)(1). Under that exception, the section 6662 penalty is not imposed with respect to any portion of an underpayment if the taxpayer shows that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, that portion. The regulations describe the facts and

circumstances to be taken into account in making the determination, including the

following:

> The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. * * * Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of * * * law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. * * *

Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent's motion was made at the end of trial. Indeed, respondent's

attorney made the motion immediately before the case was adjourned. We do not

quarrel with the timing of respondent's motion. A motion under Rule 41(b)(1)

may be made "at any time." See Arberg v. Commissioner, slip op. at 15.

Nevertheless, except for respondent's oral motion, there was no mention of the

accuracy-related penalty under section 6662(a) during these proceedings and, thus,

nothing to suggest that petitioners had any reason to suspect that respondent

planned to assert the penalty.

As a result, if we were to grant respondent's motion and to find that the

issue of petitioners' liability for the accuracy-related penalty had been tried by

implied consent, petitioners would be deprived of the opportunity of raising the

reasonable cause exception of section 6664(c)(1) in these proceedings.  We

believe that this would result in unfair surprise or prejudice to petitioners, in that it

would prevent them from presenting evidence that might have been introduced if

the issue had been raised earlier in the proceeding.  See Bulas v. Commissioner,

T.C. Memo. 2011-201; WB Acquisitions, Inc. & Subs. v. Commissioner, T.C.

Memo. 2011-36.  Accordingly, we will deny respondent's motion under Rule

41(b) to conform the pleadings to the evidence.

Upon consideration of the foregoing,

An appropriate order will be issued

denying respondent's motion to conform the

pleadings to the evidence, and decision will

be entered for respondent.